UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Davis, ) | C/A No. 4:08-cv-01714-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Jon Ozmint, SCDC Director; ) | |
| James C. Campbell, Clerk of Court; ) | |
| Jane Mixon, Classification Supervisor; ) | |
| Levern Cohen, Warden Ridgeland ) | |
| Correctional Institution; ) | |
| Kelly C. Jackson, Solicitor; ) | |
| John Doe, Warden Sumter Lee County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

At the time this action was brought, on April 28, 2008, Plaintiff was an inmate of the South Carolina Department of Corrections ("SCDC") confined at Ridgeland Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for damages alleging that he should have been released on April 16, 2008 but that he was not released until on or about May 3, 2008. The case was referred to Magistrate Judge Thomas E. Rogers, III, who forwarded Special Interrogatories to the plaintiff regarding whether he had exhausted his administrative remedies.[1] In his [13] answers to those interrogatories filed on May 28, 2008, the plaintiff indicates that the South Carolina Department of Corrections had not issued a decision on his "Step 2" grievance.

---

[1] Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

1

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, filed June 6, 2008. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the plaintiff's complaint should be dismissed without prejudice on the basis of mootness and the Eleventh Amendment. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on June 18, 2008.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the

district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

Plaintiff objects to the recommendation by the Magistrate Judge that the case is moot since he has been released. The Court agrees that the request for monetary damages, as opposed to injunctive relief, is not moot simply because the plaintiff has now been released. *See Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir. 2005). Therefore, the Court does not adopt the portion of the Report that finds the action is moot.

The Report also recommends that the action be dismissed on the basis of the Eleventh Amendment, since all of the defendants were state officials who were acting in their official capacities when they calculated the plaintiff's release date. The plaintiff's objection relating to the Eleventh Amendment states: "On the contrary there are Rules and provisions that require State Officials to administrate the business aspect professionally." This objection does not point to the Court to any specific error on the part of the Magistrate Judge. Therefore, the Court finds that the case should be dismissed on the basis of the Eleventh Amendment. *See Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001). This does not prohibit the plaintiff from bringing an action in state court under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*.

## **Conclusion**

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation as modified herein. The action is dismissed without

prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

November 19, 2008
Florence, SC